**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ROBERT E. MATTKE and SHERRY MATTKE,**

Plaintiffs,

v.

**CLAUDE DESCHAMPS, M.D., CLAYTON COWL, M.D., the MAYO CLINIC, ROCHESTER, and the MAYO FOUNDATION,**

Defendants.

Civil No. 01-1941 (RHK/JSM)

**ORDER**

---

APPEARANCES

Ryan Weese, Esq. appeared telephonically for Plaintiffs.

Paul Klaas, Esq. and Gillian Brennan, Esq., appeared for Defendants.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before United States Chief Magistrate Judge Jonathan Lebedoff on February 25, 2003, on Plaintiffs' Motion to Extend Discovery Deadline (Doc. No. 18). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

On February 8, 2002, this Court entered a Pretrial Order in this case, setting a January 15, 2003, deadline for disclosure of expert witnesses and a discovery deadline of February 1, 2003. The case is on the May 1, 2003,

FILED FEB 2 6 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

trial calendar of United States District Judge Richard H. Kyle, District of Minnesota. Plaintiffs move to extend the discovery and expert witness deadlines to April 15, 2003.

At the hearing on the motion, Plaintiffs explained that the main point of the motion was to extend the deadlines in order to allow Plaintiffs to depose Defendants' expert witness. Plaintiffs argued that it was first necessary to depose witnesses from the Mayo Clinic and receive the transcripts back from those depositions before attempting to take the deposition of the Defendants' expert. Plaintiffs claim that scheduling the depositions of these witnesses was difficult and caused a delay in Plaintiffs' ability to depose the Defendants' expert within the scheduled timeframe.

Defendants oppose Plaintiffs' motion, arguing that Plaintiffs had ample time to complete discovery within the deadlines established in the Pretrial Order. Defendants note that, although their expert was disclosed in early December, 2002, Plaintiffs never mentioned the need to depose the expert until the present motion was filed. Defendants also claim that they will be prejudiced if an extension is granted, as they expect that a discovery extension will only cause additional discovery to be sought by both parties, making it difficult for the parties to adequately prepare for the May 1, 2003, trial date.

This Court finds that no good cause exists in the present case to extend the discovery deadlines. Plaintiffs were timely provided with Defendants' expert report, but they have made no showing that they attempted

to notice or even discuss the deposition of Defendants' expert prior to the close of discovery. Plaintiffs have provided the Court with no compelling circumstances which warrant either the deposition of the expert or an extension of discovery. Moreover, given the approaching May 1, 2003, trial date, this Court is concerned that an extension of discovery would ultimately cause a trial delay. Accordingly, Plaintiffs' motion is denied.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Discovery Deadline (Doc. No. 18) is **DENIED**.

Dated: February 26, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge