**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert E. Mattke, et al.,

Plaintiffs,

v.

Civil No. 01-1941 (RHK/JSM)
**MEMORANDUM OPINION AND ORDER**

Claude Deschamps, M.D., et al.,

Defendants.

---

Steven H. Shindler, Ray A. Fenton, and Ryan E. Weese, Hudson, Mallaney, & Shindler, DesMoines, Iowa; James Eric Lindell, Lindell & Lavoie, Minneapolis, Minnesota, for Plaintiffs.

Paul Barry Klass and Gillian A. Brennan, Dorsey & Whitney, Minneapolis, Minnesota; Joshua B. Murphy, Mayo Clinic Legal Department, Rochester, Minnesota, for Defendants.

---

## Introduction

This matter comes before the Court on Defendants' Motion for Summary Judgment. Plaintiffs Robert and Sherry Mattke ("the Mattkes") have sued Defendants Claude Deschamps, M.D., Clayton Cowl, M.D., the Mayo Clinic, and the Mayo Foundation (collectively, "Mayo") alleging medical malpractice by Mayo in removing a portion of Robert Mattke's healthy lung in error. Mayo has moved for summary judgment on the ground that the Mattkes' sole expert witness fails the qualification



APR 1 4 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

requirement of Minn. Stat. § 145.682. For the reasons set forth below, the Court will deny Defendants' motion.

**Standard of Decision**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). It is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). The court views the evidence, as well as all reasonable inferences, in a light most favorable to the nonmoving party. See Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996); see Adkinson v. G.D. Searle & Co., 971 F.2d 132, 134 (8th Cir. 1992). The moving party carries the burden of showing that there is no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The nonmoving party may not rest upon the allegations or denials of its pleadings. Rather, the nonmovant must establish the existence of specific facts that create a genuine issue for trial. Neither mere allegations nor denials are sufficient. See Liberty Lobby, 477 U.S. at 256.

On summary judgment, the court does not weigh facts or determine the credibility of affidavits and other evidence. See id. at 249. The nonmovant cannot, however, avoid summary judgment by highlighting some alleged factual dispute between the parties. Instead, the disputed fact must be "outcome determinative under prevailing law"; it must

be material to an essential element of the specific theory of recovery at issue. See Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992). In essence, the court determines whether there is a need for a trial. Liberty Lobby, 477 U.S. at 250.

**Analysis**

Under Minnesota law,[1] the plaintiff in a medical malpractice case in which expert testimony is required to establish a prima facie case is required to file two separate affidavits. Minn. Stat. § 145.682, subds. 2-4. First, the plaintiff must submit the affidavit of the plaintiff's attorney stating that the facts of the case have been reviewed by an expert "whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial" and who is of the opinion that the defendant "deviated from the applicable standard of care and by that action caused injury to the plaintiff." Minn. Stat. § 145.682., subd. 3. Second, within 180 days of the commencement of the suit, the plaintiff must submit a second affidavit

> signed by each expert listed in the affidavit and by the plaintiff's attorney and stat[ing] the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

Id., subd. 4. As with the first affidavit, the expert providing the second affidavit must possess qualifications that provide "a reasonable expectation that the expert's opinions

[1] This Court has held, and the Mattkes do not contest, that the requirements of § 145.682 are substantive rather than procedural. See, e.g., Ellingson v. Walgreen Co., 78 F. Supp. 2d 965, 968 (D. Minn. 1999) (Rosenbaum, C.J.).

could be admissible at trial." Teffeteller v. University of Minn., 645 N.W.2d 420, 427 (Minn. 2002) (quoting Minn. Stat. § 145.682, subd. 3(a)). The failure to comply with the affidavit requirement results in mandatory dismissal with prejudice of each cause of action as to which expert testimony is required. Minn. Stat. § 145.682, subd. 6; see also Lindberg v. Health Partners, Inc., 599 N.W.2d 572, 578 (Minn. 1999).[2]

Mayo argues it is entitled to summary judgment because the Mattkes' sole identified expert, Dr. Donald Burrows, fails to meet Minn. Stat. § 145.682's qualification requirement. Under this requirement, Mayo asserts, "a valid § 145.682 expert affidavit must contain evidence of the expert's practical experience with the suit's subject matter." (Defs.' Mem. Supp. Summ. J. at 2.) Because, in Mayo's view, Dr. Burrows' affidavit fails to demonstrate that he has the specific experience necessary to opine on the issues central to this lawsuit, "Minnesota law does not allow him to criticize decisions he never made, under circumstances he never faced." (Defs.' Reply Mem. Supp. Summ. J. at 3.) The Mattkes counter that neither the Minnesota Supreme Court nor § 145.682 requires an expert to spell out his qualifications in detail in the affidavit. Moreover, the Mattkes assert, Dr. Burrows is well-qualified to provide expert testimony on this matter.

[2] Subdivision 6 was amended on May 22, 2002. See Act of May 22, 2002, ch. 403, § 1, 2002 Minn. Laws (amending Minn. Stat. § 145.682, subd. 6). Subdivision 6 now allows a plaintiff time to correct deficiencies in an affidavit of expert identification before mandatory dismissal. This amended section applies to causes of action commenced on or after May 22, 2002 and is, therefore, not applicable in this case.

Since 1990, the Minnesota Supreme Court has discussed § 145.682's requirements in five cases. See Sorenson v. St. Paul Ramsey Med. Ctr., 457 N.W.2d 188 (Minn. 1990); Stroud v. Hennepin County Med. Ctr., 556 N.W.2d 552 (Minn. 1996); Lindberg, 599 N.W.2d at 578; Anderson v. Rangachary, 608 N.W.2d 843 (Minn. 2000); Teffeteller, 645 N.W.2d at *passim*. In each case, the court has explained that in order to comply with the requirements of subdivision 4, the affidavit must (1) disclose specific details concerning the expert's expected testimony, including the applicable standard of care, (2) identify the acts or omissions that the plaintiff alleges violated the standard of care, and (3) include an outline of the chain of causation between the violation of the standard of care and the plaintiff's damages. Sorenson, 457 N.W.2d at 190.

In 2002, the supreme court dealt specifically with the requirement that the expert's qualifications "provide a reasonable expectation that the expert's opinions could be admissible at trial." Minn. Stat. § 145.682, subd. 3.[3] In Teffeteller, the supreme court held that the district court did not abuse its discretion in concluding that a pediatrician did not satisfy the requirements of § 145.682 because he lacked knowledge of pediatric oncology and bone marrow transplants, the subject matter of the suit. See 645 N.W.2d at 427. In upholding the district court's ruling, the court relied, in large measure, upon its application of "'a very deferential standard' to the district court when reviewing a

[3]In order for a medical expert's opinions to be admissible at trial under Minnesota law, the expert must possess both scientific knowledge of and practical experience with the subject matter of the proposed testimony. See Cornfeldt v. Tongen, 262 N.W.2d 684, 692 (Minn. 1977).

determination as to expert qualification." Id. (quoting Gross v. Victoria Station Farms, Inc., 578 N.W.2d 757, 761 (Minn. 1988)); see also id. at 427-28 (noting that to hold otherwise would be to "ignore[] the very deferential standard we accord the trial court").

While Mayo reads Teffeteller to impose rather onerous requirements on plaintiffs (see Audio Tape: Oral Argument (April 10, 2003) (calling the qualification requirement "very tough," "very difficult," and "challenging")), the Court disagrees. A plain reading of the requirement's language, which requires only a "reasonable expectation" of admissibility at trial, combined with the supreme court's statement that "the primary objective of [§ 145.682] is to dispose of cases on the merits," Sorenson, 457 N.W.2d at 192, indicates a policy that leans toward inclusion, rather than exclusion. See also Oelmann v. Mayo Clinic, 2001 WL 1640133, at *5 (D. Minn. Oct. 22, 2001) (Magnuson, J.) (noting "Minnesota's general preference for deciding claims on the merits"). While Teffeteller *might* be stretched to impose the sort of rigorous requirements that Mayo suggests, it reads most plausibly as a confirmation of the trial court's traditional role as the gatekeeper for expert testimony.

Here, the Mattkes' affidavits satisfy the qualification requirement of Minn. Stat. § 145.682. Dr. Burrows' curriculum vitae, attached to his expert affidavit, notes a fellowship in Pulmonary and Critical Care, certification by the American Board of Pulmonary Medicine, and extensive practical experience. Taken together, these qualifications give rise to a reasonable expectation that Dr. Burrows could testify as to the

opinions contained in his expert report. While Mayo might have undermined that expectation with more extensive factual development, Mayo has not deposed Dr. Burrows and offers virtually nothing in the way of record support.[4] The Court therefore easily concludes that Mayo has failed to carry its burden on this motion.

## Conclusion

Upon all the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 27) is **DENIED**.

Dated: April 14, 2003

Richard H. Kyle
United States District Judge

[4]Nothing in this Order, of course, would foreclose Mayo from foundational objections at trial after the development of Dr. Burrows' qualifications.